**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY ROUZAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WHALEN THOMAS et al.,<br><br>　　　　　Defendants. | Case No. CV 12-10352-BRO (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the First Amended Complaint, records on file, and Report and Recommendation ("R&R") of the U.S. Magistrate Judge. On May 14, 2014, Plaintiff filed objections to the R&R, in which he mostly decries the Magistrate Judge's alleged "bias" against him, purported "sabotage" of his case, and supposed "judicial collusion" with Defendants. (See Objections at 2-4; see generally id.) Plaintiff's claims of bias are belied by the Magistrate Judge's recommendation that Defendants' motion for summary judgment be denied on several grounds, conclusions with which the Court agrees, for the reasons stated in the R&R. Moreover, the Magistrate Judge did not refuse to construe Plaintiff's pro se pleadings liberally, as Plaintiff claims. (See id. at 3.) Rather, she stated – entirely appropriately –

1 that because of Plaintiff's training in the law and
2 nonincarcerated status, she would construe his pleadings less
3 liberally than she would for an incarcerated inmate with no legal
4 training.[1] (R&R at 1 n.1.)
5     Plaintiff claims that the Magistrate Judge ignored his
6 reliance on Motley v. Parks, 383 F.3d 1058 (9th Cir. 2004). But
7 he cited Motley merely for general principles of law that the
8 Magistrate Judge applied – for instance, that a warrantless
9 search must be "authorized and lawfully conducted." (Objections
10 at 4.) Moreover, Motley nowhere discusses punitive damages,
11 contrary to Plaintiff's implication. (Id. at 5.)
12     Plaintiff also objects that the Magistrate Judge allegedly
13 "misstated" and "materially altered" his "argument of duty" –
14 that the officers had a duty to investigate the Elmaksouds'
15 reliability, just as the officers in Motley had a duty to
16 investigate. (Id. at 5-7; see also id. at 12-14.) But the
17 Magistrate Judge addressed the issue of the officers' duty to
18 investigate the Elmaksouds' claims at length. (See R&R at 19-
19 22.) In any event, the circumstances of the search at issue in
20 Motley were different from those here in one critical respect: no
21 allegation of danger was involved. In Motley, the officers
22 merely sought to conduct a parole search, with no suspicion of
23 any criminal activity, see Motley, 383 F.3d at 1068-69; here, the
24 complaining witnesses said that Plaintiff had come to their home
25 and threatened to kill them and that he was known to possess

---

[1] Indeed, Plaintiff goes so far as to promote his knowledge of constitutional law, using the email address constitutionlaw2012@gmail.com.

guns.  Thus, as the Magistrate Judge explained, the urgent nature of the situation here required that the officers take immediate action, whereas no such circumstances existed in Motley (or in Fuller v. M.G. Jewelry, 950 F.2d 1437 (9th Cir. 1991) (search of grand-theft suspects), the other case on which Plaintiff relies (see Objections at 7)).

Plaintiff's objection that the Magistrate Judge "ignored" the "admitted fact" that Rebecca Elmaksoud "confessed to committing a crime" when or after Plaintiff came to her house and threatened her and her family (id. at 8) is not well taken. Nothing in the record indicates that Elmaksoud was not lawfully armed.  In any event, her having armed herself presumably in response to Plaintiff's threats did not undermine her credibility.

Plaintiff further claims that "[t]here's no reasonable explanation" for the Magistrate Judge's finding that the officers had probable cause to go to Plaintiff's house based on the Elmaksouds' complaints and the video but then later that night determined that "no crime" had been committed. (Id. at 10.)  But of course there is: the officers' investigation continued at Plaintiff's house, when they talked to him and his son and searched his house.  The additional information gleaned during that period led Officer Prather to subsequently conclude that no crime had been committed.

Accordingly, having reviewed de novo those portions of the Report and Recommendation to which objections were filed, the Court accepts the findings and recommendations of the Magistrate

1  Judge.[2]

2      IT THEREFORE IS ORDERED that (1) Defendants' motion for
3  summary judgment is GRANTED as to Deputy Lopez's detention and
4  handcuffing of Plaintiff, Plaintiff's <u>Monell</u> claim against the
5  County and the individual Defendants in their official capacity,
6  and his request for punitive damages and DENIED as to the search
7  of Plaintiff's house and (2) Plaintiff's motion for summary
8  judgment is DENIED.

11  DATED: <u>6/6/2014</u>

                                 BEVERLY REID O'CONNELL
                                 U.S. DISTRICT JUDGE

---

[2] Plaintiff asserts that "[b]ecause of the numerous half-truths, bias, and prejudice, I reserve the right to amend or supplement these objections as needed to protect the record and accuracy." (Objections at 14-15.) Plaintiff has no such right, and any such objections will not be considered absent leave of Court.